FILED

OCT 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAQQAS HAMID KHAN, | No. 06-70302 |
| Petitioner, | Agency No. A079-634-061 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| WAQQAS HAMID KHAN, | No. 07-71153 |
| Petitioner, | Agency No. A079-634-061 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted October 4, 2010[]
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.


We review two decisions by the Board of Immigration Appeals:  one affirming the denial of Waqqas Hamid Khan's application for withholding of removal and protection under the Convention Against Torture, under 8 U.S.C. § 1231(b)(3), and the second denying Khan's motion to reopen, under 8 U.S.C. § 1229a(c)(7).


The Board affirmed the Immigration Judge's finding that Khan failed to establish a clear probability of persecution due to his inconsistent account and discrepancies in supporting documentation.  The Immigration Judge's adverse credibility finding was supported by substantial evidence, including discrepancies between Khan's oral and written testimony.  Lata v. INS, 204 F.3d 1241, 1245 (9th Cir. 2000).  The Board therefore did not err in affirming the denial of Khan's application for withholding of removal and protection under the Convention Against Torture.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The Board also did not abuse its discretion in denying Khan's motion to reopen, which was untimely. 8 C.F.R. § 1003.2(c). The 90-day deadline can be equitably tolled by a finding of ineffective assistance of counsel. Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003). To prevail, Khan must show resulting prejudice by demonstrating how the outcome of the proceedings might have been affected. Munoz v. Ashcroft, 339 F.3d 950, 955 (9th Cir. 2003).

Khan failed to show prejudice resulting from ineffective assistance of counsel. Khan asserts that counsel should have arranged for his father's appearance as a witness, but failed to explain how his father's testimony would have affected the outcome, given other discrepancies in his documentation and testimony. Khan therefore failed to show prejudice resulting from his father's nonappearance as a witness or other behavior by counsel.

**PETITION DENIED.**